UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **RAPHAEL M. PROVINO,** § | |
| § | |
| *Plaintiff,* § | |
| v. § | NO.  EP-23-CV-213-KC |
| § | |
| **CHRISTOPHER WRAY et al.,** § | |
| § | |
| *Defendant.* § | |

### ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S COMPLAINT

On this day, the Court considers Plaintiff Raphael M. Provino's Motion to Proceed *In Forma Pauperis* ("IFP Motion" or "Motion") (ECF No. 13) and his proposed Complaint. (ECF No. 1).  Plaintiff alleges that he was the victim of a fraudulent real estate offer for the sale of property in Laguna Vista, Texas, and insurance fraud.  (ECF No. 1, p. 13).[1]  On August 14, 2023, the Honorable Kathleen Cardone, United States District Judge, referred the IFP Motion to the undersigned for determination.  (ECF No. 15).  Having reviewed the Motion and screened Plaintiff's proposed Complaint pursuant to 28 U.S.C. § 1915, the Court **GRANTS** Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 13) and **RECOMMENDS** that the Complaint (ECF No. 1) be **DISMISSED**.

   I.   **REQUEST TO PROCEED** *IN FORMA PAUPERIS*

First, Plaintiff's application to proceed *in forma pauperis* reflects that he has no significant financial resources and is unable to pay the filing fee.  Accordingly, the Court will grant his request to proceed *in forma pauperis*.

---

[1] Citations to this and other submissions whose pages are not consecutively numbered by their authors refer to the page numbers imprinted thereon by the Court's Case Management and Electronic Case Filing system.

II.   **SECTION 1915 SCREENING**

When a plaintiff files a motion to proceed *in forma pauperis*, the Court must dismiss the complaint "at any time" if it determines that the complaint is frivolous or malicious or fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(i), (ii).  A court may *sua sponte* dismiss under § 1915 even before serving the defendants.  *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (explaining that § 1915 dismissals often happen *sua sponte* and before service "to spare prospective defendants the inconvenience and expense of answering such complaints").

A complaint may be deemed "malicious" if it "duplicates allegations of another pending federal lawsuit by the same plaintiff."  *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993).  "A case is duplicative if it involves 'the same series of events' and allegations of 'many of the same facts as an earlier suit.'"  *Holm v. Comal Cnty. Sheriff's Off.*, No. SA-20-CV-00826-XR, 2020 WL 4227438, at *1 (W.D. Tex. July 23, 2020) (quoting *Lewis v. Sec'y of Pub. Safety & Corr.*, 508 Fed. App'x 341, 343–44 (5th Cir. 2013)).  As an alternative to dismissal, a Court faced with a duplicative complaint may consolidate the actions, "but it need not do so."  *Pittman*, 980 F.2d at 995.  Moreover, when a court determines that dismissal is appropriate, "the later–filed action" should be dismissed "in favor of the case that was filed earlier."  *Holm*, 2020 WL 4227438, at *2 (citing *Pittman*, 980 F.2d at 995).  Dismissal of a lawsuit that is duplicative of another already-pending action should be with prejudice, except as to the plaintiff's prosecution of their first-filed case.  *See Pittman*, 980 F.2d at 995 (modifying district court judgment to make the dismissal without prejudice to the plaintiff's pursuit of his earlier case, but "otherwise with prejudice").

Prior to filing the instant case, Plaintiff initiated a lawsuit in the U.S. District Court for the District of Nevada using a proposed complaint that is *identical* to the Complaint in this case. *Compare* Receipt of Initiating Documents by Court on behalf of Plaintiff, *Provino v. Wray*, No. 3:23-cv-00211-MMD-CSD (D. Nev. May 24, 2023), *with* (ECF No. 1).[2]  Because the duplicative lawsuits are in different district courts, consolidation is not proper.  *See* Fed. R. Civ. P. 42 ("If actions *before the court* involve a common question of law or fact, the court may . . . consolidate the actions . . . ." (emphasis added)); *Fid. and Deposit Co. of Md. v. Casablanca Constr., Inc.*, No. 5:19-cv-62-DCB-MTP, 2020 WL 1238194, at *1 (S.D. Miss. Mar. 13, 2020) ("The Court may consolidate actions only if they are pending in the same district."); 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2382 (3d ed.) ("Actions pending in different districts may not be consolidated under Rule 42(a) . . . .").  Accordingly, because consolidation is not appropriate and because Plaintiff's District of Nevada lawsuit was filed *before* he initiated the instant case, the Court recommends that his proposed Complaint be dismissed with prejudice, except as to his pursuit of his first-filed lawsuit.  *See Pittman*, 980 F.2d at 995; *Holm*, 2020 WL 4227438, at *2.

### III.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Proceed *In Forma Pauperis*.  (ECF No. 13)**.**  The Complaint (ECF No. 1) will be considered filed from the date of this Order.  However, **IT IS FURTHER ORDERED** that service of process shall not issue until Judge Cardone determines whether Plaintiff's Complaint should be dismissed pursuant to 28 U.S.C. § 1915.

---

[2] Courts may take judicial notice of a "document filed in another court . . . to establish the fact of such litigation . . . ."  *Wooley v. Haynes & Boone, L.L.P. (In re Si Restructuring Inc.)*, 480 Fed. Appx. 327, 328 (5th Cir. 2012) (quoting *Taylor v. Charter Med. Corp.,* 162 F.3d 827, 830–31 (5th Cir. 1998)).

In addition, the Court **RECOMMENDS** that Plaintiff's proposed Complaint (ECF No. 1) be **DISMISSED WITH PREJUDICE**, but **WITHOUT PREJUDICE** to Plaintiff's pursuit of his lawsuit in the U.S. District Court for the District of Nevada.

**SIGNED** and **ENTERED** this 29th day of August, 2023.

*/s/ Miguel A. Torres*
**MIGUEL A. TORRES**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**